

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2006

# Budak v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4970

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Budak v. Atty Gen USA" (2006). *2006 Decisions.* Paper 271.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/271

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4970

_____

TAYLAN BUDAK,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A74-751-069)
Immigration Judge:  Rosalind K. Malloy

_____

Submitted Under Third Circuit LAR 34.1(a)
September 28, 1006
Before: RENDELL, ROTH, GIBSON*, <u>Circuit Judges</u>.

(Filed October 31, 2006)

_____

OPINION OF THE COURT

_____

_____

* Honorable John R. Gibson, Judge of the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

RENDELL, <u>Circuit Judge</u>.

Taylan Budak petitions for review of the October 11, 2005 Order of the Board of Immigration Appeals (BIA) denying his appeal from the BIA's previous denial of a motion for rehearing *en banc*. The BIA held that Budak's "appeal" was in fact a motion for reconsideration and that, because it was his third such motion, Budak had exceeded the numerical limitation on motions for reconsideration set forth in 8 C.F.R. § 1003.2(b)(2). We will dismiss Budak's appeal for lack of appellate jurisdiction.

**I.**

Budak is a native and citizen of Turkey who was granted permanent resident status on June 22, 1999, following his marriage to an American citizen. On February 8, 2000, the Immigration and Naturalization Service charged that Budak's marriage was fraudulent and, therefore, that Budak was removable pursuant to Immigration and Naturalization Act (INA) § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A) (procurement of an immigration benefit by fraud or willful misrepresentation of material facts), and INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B) (unlawful presence). An immigration judge agreed and ordered Budak's removal on December 20, 2004.

Budak failed to timely file his appeal from this ruling and, consequently, the BIA dismissed the appeal for lack of jurisdiction on February 24, 2005. On March 15, 2005 Budak filed a motion to reconsider this dismissal, which the BIA denied on April 5, 2005. On May 5th, 2005 Budak next filed a motion seeking *en banc* review of the BIA's initial

2

dismissal for lack of jurisdiction. The BIA denied this motion on July 7, 2005, holding that it constituted a second motion for reconsideration and was therefore impermissible under 8 C.F.R. § 1003.2(b)(2), which permits "only one motion for reconsideration for any given decision" and prohibits a party from seeking "reconsideration of a decision denying a previous motion to reconsider."

Undeterred, Budak filed on August 8, 2005 a document entitled "RESPONDENT'S APPEAL OF BIA'S DENIAL OF THE MOTION FOR REHEARING EN BANC." On October 11, 2005 the BIA denied this motion as well, holding that despite Budak's attempt to style this as an "appeal," it was in all respects a motion for reconsideration and, therefore, violated the numerical limitations set forth in 8 C.F.R. § 1003.2(b)(2).

## II.

Budak now seeks review of the BIA's October 11, 2005 Order. However, he argues that his "appeal" to the BIA was an "appeal" and not a motion for reconsideration, and it should be reviewed as such. Unfortunately, Budak fails to recognize that there is no regulation providing for a "motion" for *en banc* rehearing or for an appeal from the denial of such a motion. Budak, thus, complains of the Board's failure to *sua sponte* rehear this case. It is clear from our precedent that we are without jurisdiction to review this decision.

3

"Under the APA, any person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review. Decisions of the BIA are agency actions within the meaning of the APA. The only exceptions to this general rule are situations in which (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." *Smriko v. Ashscroft*, 387 F.3d 279, 290-91 (3d Cir. 2004) (internal citations and quotations omitted).

In this case, we deal with whether the latter exception applies and, therefore, we must ask whether the grant of *en banc* rehearing, and any appeal from the denial of a motion for *en banc* rehearing, is committed to agency discretion.[1]

Here, the discretion of the agency is not only clear, it is exclusive. The relevant regulation states that the BIA "*may on its own motion. . .consider any case en banc. . .*" 8 C.F.R. § 1003.1(a)(5) (emphasis added). Not only does this regulation commit to the BIA's discretion the decision to rehear a case *en banc*, it indicates that *en banc* rehearing may only come after the Board's *sua sponte* action. Although the regulation also states

---

[1]To determine whether regulations commit discretion to an agency, we ask whether the relevant regulations are "'so drafted that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474 (3d Cir. 2003) (quoting *M.B. v. Quarantillo*, 301 F.3d 109, 112 (3d Cir. 2002)). However, even if the relevant regulations are standardless on their face, we must also ask whether the agency "announces and follows – by rule or settled course of adjudication – a general policy by which its exercise of discretion will be governed, [in which case] that exercise may be reviewed for abuse." *Id*. At 475 (internal quotations omitted).

4

that *en banc* rehearing "shall ordinarily be ordered only where necessary to address an issue of particular importance or to secure or maintain consistency of the Board's decision," this provision merely narrows the number of situations in which the Board *would most likely act*, rather than imposes upon the Board any duty *to act* in a particular situation. Therefore, on its face, 8 C.F.R. § 1003.1(a)(5) does not impose upon the BIA any standard that it must apply in deciding to rehear a case *en banc*.[2]

Furthermore, we have specifically held that we may not review the BIA's failure to *sua sponte* reconsider a decision. *Calle-Vujiles v. Ashcroft*, 320 F.3d 472 (3d Cir. 2003). Budak's instant appeal is indistinguishable, as he asks this Court to review the BIA's declination to entertain his appeal from the Board's denial to *sua sponte* rehear his case *en banc*.[3] Just as we may not review the BIA's decision declining to exercise its *sua sponte* power, we also may not review the denial of an appeal from the BIA's decision not to invoke its *sua sponte* authority.

Finally, we are mindful that the BIA ruling from which Budak now seeks review held that Budak's "appeal" was a motion to reconsider and, as such, that it was

---

[2]We would also point out that no other regulations exist addressing *en banc* rehearing. Additionally, the BIA's own "BIA Practice Manual," promulgated to advise litigants of the Board's procedural requirements, makes no mention of "motions for *en banc* rehearing" nor appeals from such motions.

[3]Nor does this case involve facts similar to those that we discussed in *Cruz v. Attorney General of the United States*, 452 F.3d 240, 250 (3d Cir. 2006), where we questioned whether the BIA could, without explanation or reason, depart from a settled practice. Here, the BIA has not adopted, either explicitly or through practice, a policy of a applying a particular rule or standard to its consideration of motions for *en banc* rehearing.

numerically barred under 8 C.F.R. § 1003.2(b)(2).  Budak challenges the BIA's

characterization of his filing but does not challenge the determination that, if a motion to

reconsider, it was numerically barred.  Regardless, we need not determine whether the

BIA's characterization was correct.  For purposes of our disposition we address Budak's

contention that he filed an appeal from the denial of a motion for *en banc* rehearing and,

because the BIA has unfettered discretion in ruling on such motions and because we may

not review the BIA's decision to forgo its *sua sponte* authority, we will dismiss for lack

of appellate jurisdiction.